UNITED STATES of America,

v.

Steven HUNTER, Defendant.

No. 99–CR–153.

United States District Court,
N.D. New York.

Jan. 19, 2000.

Hon. Daniel J. French, U.S. Attorney for the Northern District of New York, Syracuse, NY; Craig A. Benedict, AUSA, of counsel.

Edward Z. Menkin, Syracuse, NY, for Defendant Hunter.

## MEMORANDUM–DECISION and ORDER

MUNSON, Senior District Judge.

Currently before the court are defendant's post-trial motions pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure. Defendant asserts: (1) that there was no proof that he acted "wilfully," which under Rule 29 requires a judgment of acquittal; and (2) in the alternative, should judgment of acquittal not be granted, that the interests of justice require a new trial on the basis that the court committed reversible error by fail-

---

ing to instruct the jury on the proper *mens rea* required, *e.g.*, willfully. The Government opposes these motions.

## BACKGROUND

Defendant is the owner of Hunter Heating and Contracting, Inc. On October 1, 1999, he was found guilty on all counts of a seven count superseding indictment that charged him with violating the Clean Air Act, 42 U.S.C. §§ 7412, 7413(c)(1) and (2), and with aiding and abetting, 18 U.S.C. § 2. The counts stem from defendant's involvement with the removal of asbestos, a hazardous air pollutant, from the former Masonic Temple Building in Auburn, New York. Subsequent to defendant's conviction, the Government requested that the seventh count of the indictment be dismissed, which request the court granted on November 1, 1999. At issue now are the six remaining counts.[1]

The gist of defendant's Rule 29 argument is that if he is guilty of the acts charged in the indictment at all, "it had to be as an accessory or an accomplice" because there was insufficient evidence to demonstrate that he "wilfully" violated the Clean Air Act; in other words, defendant contends that although during the renovation of the former Masonic Building asbestos might have been " 'removed' from point A . . . to [p]oint B," it is "not *just*—without more proof that the Defendant acted wilfully and with a criminal intent—to hold the Defendant criminally liable under these facts and circumstances for the 'illegal *removal*' of asbestos." Dft's Rules 29 and 33 Mot. at 2.

As to defendant's Rule 33 motion, defendant contends that as he was charged under 18 U.S.C. § 2 with aiding and abetting, he was entitled to have the jury decide his fate on the basis that he "knowingly *and* wilfully" violated the law. Defendant complains that

the court declined his request to charge "wilfully" and instead instructed the jury that he could be found guilty "if he acted in solely a 'knowing' fashion (i.e., the Government's burden would be only to prove that the Defendant knew he was dealing with asbestos and nothing more)." *Id.* at 3. Defendant contends that the charge, in essence, had the effect of unjustly converting the charges against him into a "strict liability criminal case." *Id.* Accordingly, he seeks a new trial.

Citing the testimony of the twelve witnesses it called, the Government responds that there was plenty of evidence adduced at trial demonstrating defendant was culpable of violating the Clean Air Act. Government witnesses testified, *inter alia*, regarding defendant's ability to identify asbestos at previous job sites, and one claimed that he discussed with defendant the similarity of the asbestos at the Masonic Temple Building to the asbestos at previous worksites. One worker testified that he had a half-dozen discussions with defendant regarding how asbestos renovation work should be performed at the Masonic Temple Building and also that he personally helped defendant carry pipes containing asbestos remnants from the building's basement to a nearby dumpster. Other workers testified that defendant was their sole boss; that he never told them their work involved asbestos removal; and that they were covered by asbestos at the end of each day and had never been given respirators or other protection. Finally, a maintenance worker testified that he observed defendant bringing plastic bags to workers in the basement of the Masonic Temple Building; and thereafter, he observed considerable amounts of asbestos in the basement stuffed into the same type of bags he had seen defendant carrying. Accordingly, the Government asks the court to deny defendant's Rule 29 motion.

---

1. Counts One through Six charge, respectively, that: (1) prior to the commencement of the renovation activity, the defendant did not provide to, or cause to be provided to, the EPA Administrator written notice of his intention to renovate the former Masonic Temple facility or cause such to occur; (2) the defendant renovated the facility without causing such renovation to be supervised by an on site representative trained in the provisions of NESHAP and the means of complying with them; (3) during asbestos stripping operations, the defendant did not wet, or cause to be wetted, regulated asbestos containing material; (4) the defendant placed, or caused to be placed, regulated asbestos containing material in containers that were not leak tight, nor did he cause the asbestos to first be adequately wetted; (5) the defendant placed, or caused to be placed, asbestos in containers without warning labels; and (6) the defendant did not cause the asbestos waste containing material to be deposited at an authorized waste disposal site as soon as practical.

**64**

The Government also submits that defendant's Rule 33 motion must be denied. Positing that violations of the Clean Air Act relating to asbestos constitute a public welfare offense, and that the Act should be interpreted broadly to accomplish its regulatory purpose, the Government contends that Clean Air Act crimes are crimes of general rather than specific intent. In short, it argues that even if defendant was unaware of the existence of the specific statutes regulating removal of asbestos, defendant—who spent years in the heating and plumbing business—should have known that asbestos removal is a regulated activity.

As to defendant's assertion that the court erred when it did not issue a specific intent charge under the aiding and abetting statute, the Government responds that he is mistaken because the court *did* issue such a charge. Additionally, the indictment charged defendant with violating 18 U.S.C. § 2, but did not specify whether his conduct was violative under subsection (a) or (b). Defendant's memorandum refers to 18 U.S.C. § 2(b), which contains the phrase "whoever willfully causes"; but the Government posits that where the substantive statute does not require proof of willfulness, § 2(b) does not require such proof.[2] The Government, therefore, asks the court to deny defendant's Rule 33 motion.

The court examines these arguments *seriatim.*

## DISCUSSION

### I. Standard for Rule 29 and Rule 33 Motions

■ In considering a motion for judgment of acquittal pursuant to Rule 29, the court must view the evidence presented in the light most favorable to the Government. *United States v. Guadagna,* 183 F.3d 122, 129 (2d Cir.1999). All permissible inferences must be drawn in favor of the Government, and the court must avoid usurping the role of the

jury. *Id.* "[U]pon a motion for judgment of acquittal, 'the Court must determine whether upon the evidence, giving full play to the right of the jury to determine. credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt.'" *Id.* (internal quotation omitted). "[I]f the court 'concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter.'" *Id.* (quoting *Curley v. United States,* 160 F.2d 229, 233 (D.C.Cir.1947)).

■ Rule 33, meanwhile, provides that on a defendant's motion a court may order a new trial "if required in the interests of justice," but this authority should be exercised only "in the most extraordinary circumstances," *United States v. Locascio,* 6 F.3d 924, 949 (2d Cir.1993), to avert a "miscarriage of justice." *United States v. Indelicato,* 611 F.2d 376, 387 (1st Cir.1979) (internal quotation marks omitted).

### II. Defendant's Rule 29 Motion

Having considered the evidence—some of which the Government highlights, *infra*—the court finds no basis to rule favorably on defendant's instant motion. Defendant's motion for judgment of acquittal is denied.

### III. Defendant's Rule 33 Motion

■ The gravamen of defendant's instant motion is that the court erred when it did not charge the jury with a specific intent charge—*e.g.,* willfulness—under 18 U.S.C. § 2. Again, the court agrees with the Government that defendant's motion must be denied. Not only did the court issue such a charge, but, as the Government notes, even if it had not, it was not required to do so.[3] Section 2(a) contains no "willful" provision and § 2(b), which contains a "willful" provision, does not require proof of willfulness if the substantive statute does not require such

2. Section 2(a), the Government notes, contains no "willful" provision.

3. The court's copy of the jury charge reads, in pertinent part:

In order to aid or abet another to commit a crime, it is necessary that the defendant *willfully* and knowingly associated himself in some way with the crime, and that he *willfully* and knowingly seek by some act to help make the crime succeed.

proof. *United States v. Gabriel,* 125 F.3d 89, 101 (2d Cir.1997). The Clean Air Act crimes defendant was charged with committing are crimes of general rather than specific intent. *See United States v. Itzkowitz,* No. 96–CR–786 (JG), 1998 WL 812573, *2 (E.D.N.Y. May 13, 1998) (holding in prosecution under Clean Air Act for asbestos removal, Government not required to prove defendant had knowledge his conduct violated law to prove underlying substantive offense; rather, government required to prove only that: (1) defendant knew insulation removed contained asbestos; and (2) defendant knew of manner in which asbestos was removed). Accordingly, defendant's Rule 33 motion is denied.

## CONCLUSION

Wherefore, based upon review of the foregoing, it is hereby **ORDERED** that defendant's motions pursuant to Rules 29 and 33 are **DENIED**; that the U.S. Probation Office shall prepare a Presentence Report on defendant; and that defendant shall report for sentencing at 2:00pm on May 12, 2000 at the Federal Courthouse in Syracuse, New York.

**IT IS SO ORDERED.**